IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville December 9, 2014

## KEITH EDWARD CLEMENTS v. STATE OF TENNESSEE

Appeal from the Circuit Court for Rutherford County
No. F70712    David M. Bragg, Judge

No. M2014-00751-CCA-R3-PC - Filed February 12, 2015

The petitioner, Keith Edward Clements, appeals the post-conviction court's denial of his petition for post-conviction relief from his four aggravated burglary guilty plea convictions. On appeal, he argues that he received ineffective assistance of counsel, but for which he would have elected to take his case to trial. After review, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

Guy R. Dotson, Jr., Murfreesboro, Tennessee, for the appellant, Keith Edward Clements.

Herbert H. Slatery, III, Attorney General and Reporter; Meredith Devault, Senior Counsel; Jennings Hutson Jones, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The petitioner was indicted for multiple counts of aggravated burglary. His trial counsel filed a motion to suppress evidence obtained pursuant to a search warrant that was executed in an untimely fashion. The State conceded the motion to suppress and, thereafter, entered into a negotiated plea agreement wherein the petitioner pled guilty to four counts of aggravated burglary. Per the agreement, the petitioner received an effective sentence of six years at 30%, suspended to probation, to be served consecutively to a previous felony sentence. The State dismissed twelve other counts of an unknown nature against the petitioner.

At the plea submission hearing on December 21, 2012, the State informed the court that, had the case gone to trial, Detective Jeremy Weaver with the Rutherford County Sheriff's Department and some of the petitioner's co-defendants would have testified:

> That during the month of January of last year, they were breaking into houses and taking items from those houses from the victims listed in the indictment. And that it pertained to Count Number 1 of the indictment, broke into the home of Phillip Morgan, Jeff Fields, Patrick Vangorder, and Jerry Webb taking items out of their house without their permission, being inside their house without their permission.

> Some of those items, a majority of those items, were found in a residence at Peach Street and were corroborated by other statements from witnesses and other codefendants.

The petitioner conceded that the above facts recited by the State were true and correct. The petitioner stated that he and counsel went over the facts in the warrant and the indictment, all of the discovery provided by the State, and what the State would have to prove for him to be found guilty of aggravated burglary.

The petitioner verified under oath that he had discussed the plea agreement with counsel and that he was entering his plea freely and voluntarily. The petitioner affirmed to the court that he had enough time to consider the plea and did not feel rushed or pressured to enter it. The petitioner testified that counsel explained to him the range of punishment that he initially faced on all the charges, as well as the range of punishment in the plea agreement. The petitioner said that he had no questions about the waiver of rights petition or his pleas.

The petitioner subsequently filed a petition for post-conviction relief. In his petition, the petitioner asserted, among other things, that counsel was ineffective for advising him to plead guilty given the posture of the motion to suppress that the State had conceded that the search warrant was executed one day late and that, if the trial court heard the motion, it would grant it.

The post-conviction court conducted an evidentiary hearing, at which the petitioner testified that the motion to suppress was scheduled to be heard on December 21, 2012, the day he pled guilty. Counsel had discussed with him the problems with the search warrant and the State's case, and the State came to him with an offer better than any he had received up to that point. The State's new and better offer stemmed from the State's concession concerning the search warrant. Although the petitioner knew that the State's case would suffer in part, he also knew that one of his co-defendants had already pled guilty and received

an eighteen-year sentence. In addition, the petitioner knew that one of his co-defendants would testify against him at a trial, on behalf of the State.

The petitioner testified that the new offer from the State was for an effective six-year sentence, suspended to time served. At the time of the plea hearing, he had been incarcerated for eleven months. He wanted to get out of jail on the day of his plea, and he did. The petitioner admitted that he and counsel discussed the pros and cons of the new offer. Counsel told the petitioner that it was not guaranteed that the court would grant his motion to suppress and recommended that the petitioner "probably should" accept it. The petitioner claimed that, although he "was kind of leery about it," he took the offer.

The petitioner acknowledged that he had previously pled guilty in other cases and had several prior felony convictions. Due to his prior Class C felonies and possible enhancement of his sentences sought by the State, the petitioner could receive a minimum of fifteen years at 45% if he went to trial. However, the petitioner believed that counsel should have advised him to reject the offer and speculated that "the whole outcome would have been different if . . . the motion to suppress the search warrant would have been heard." He said that had counsel given him better advice, he would have taken his case to trial.

After the conclusion of the hearing, the post-conviction court made oral findings, followed by a written order, denying the petition. The court observed that it

> addressed the [p]etitioner during the entry of his plea to insure he understood there were grounds to dismiss[] the warrant because it was a day late in being executed and the State had made a better offer which the [p]etitioner took, without force or pressure. There is no proof or evidence offered to demonstrate that the advice appointed counsel gave was ineffective. Attorneys often give advice and the [c]ourt went over the [p]etitioner's rights and the plea he was entering to make certain that it was his decision to enter the plea. The [c]ourt finds [p]etitioner voluntarily accepted the State's offer in order to secure a time served offer at a lower range and has not satisfied his burden of proof as to the issue of ineffective assistance of counsel.

## ANALYSIS

The petitioner argues that he received ineffective assistance of counsel because counsel did not advise him to proceed to trial rather than plead guilty. However, the petitioner has failed to prove that counsel was ineffective or that his guilty pleas were not knowingly and voluntarily entered.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687(1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he or she would not have pled guilty but would instead have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); House v. State, 44 S.W.3d 508, 516 (Tenn. 2001).

-4-

Courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

Before a guilty plea may be accepted, there must be an affirmative showing in the trial court that it was voluntarily and knowingly entered. Boykin v. Alabama, 395 U.S. 238, 242 (1969); State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). This requires a showing that the defendant was made aware of the significant consequences of the plea. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing Mackey, 533 S.W.2d at 340). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) the defendant's familiarity with criminal proceedings; (3) whether the defendant was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against the defendant and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

The petitioner has failed to prove that counsel was ineffective or that his guilty pleas were not knowingly and voluntarily entered. The record shows that counsel and the petitioner discussed the pros and cons of the State's offer, as well as the facts of the case, what the State would have to prove for the petitioner to be found guilty of aggravated burglary, and the range of punishment and his rights. At the plea submission hearing, the petitioner verified under oath that he had discussed the plea agreement with counsel and that he was entering his plea freely and voluntarily. He affirmed to the court that he had enough time to consider the plea and did not feel rushed or pressured to enter it. The petitioner told the court that he had no questions about the waiver of rights petition or his pleas. We note that a petitioner's testimony at a guilty plea hearing "constitute[s] a formidable barrier" in any subsequent collateral proceeding because "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Moreover, had the petitioner proceeded to trial, at least one of his co-defendants

would have testified against him on behalf of the State. Another of his co-defendants had already pled guilty and received an eighteen-year sentence. Due to the petitioner's criminal history, he faced a potential minimum sentence of fifteen years at 45%. At the time of the plea submission hearing, the petitioner had been incarcerated for eleven months and wanted to get out of jail that day, which he did. The totality of the circumstances show that the petitioner, who was no stranger to criminal proceedings, was represented by competent counsel with whom he was able to confer and receive advice, and he avoided a possible greater penalty that could result from a trial.

## CONCLUSION

Based on the foregoing authorities and reasoning, we conclude that the petitioner has not met his burden of showing that he was denied the effective assistance of counsel, or that his guilty pleas were unknowingly or involuntarily entered. Accordingly, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE